*1255 OPINION.
Steenhagen:
The foregoing facts were embodied in a written stipulation upon which the case was submitted. From these facts the petitioner argues that as a matter of law it is entitled to deductions for the exhaustion, wear and tear of the leased property, and deductions for certain losses in connection therewith.
The issue of depreciation is so inadequately covered by the facts that we can not reach the question of law. It appears only that the petitioner, acting under article 6 of the contract, set up on its accounts certain amounts as depreciation; and that it deducted these amounts bn its returns. The Commissioner disallowed the deductions without saying why, and the petitioner instituted this proceeding.
Assuming without deciding that petitioner is entitled to any deduction for depreciation, such deduction is not proved in fact by a stipulation that an amount was set aside on the books and deducted; for whether this is correct is the very matter in issue. None of the factors for a determination of a reasonable allowance, if any, has been alleged, stipulated or proved, and hence the petitioner must fail. The respondent is sustained.
*1256 The petitioner claims deductions for losses by reason of the death of horses and the disposition of property possession of which was acquired under the contract. It is attempted to be stipulated that this is “an allowable loss for tax purposes in the event the Board decides that petitioner is entitled to deduction for loss with respect to the sale of the assets covered by the lease agreement of February 15, 1910.” That portion of the agreement between counsel which we have quoted must be disregarded as of no effect for two reasons. In the first place, insofar as it attempts to stipulate that an item is deductible under the statute as a loss, it is a conclusion of law. As such it is either an agreement which entirely removes the question from the proceeding, or else it is an attempt to limit the function of the Board to decide the issue of liability. In either aspect it is ineffective. In the second place, it is conditioned upon the decision by the Board of an abstract-question which is not within the issues, i. e., whether the petitioner is entitled as a general proposition to deductions for such loss as may occur on the sale of any of the leased assets.
But insofar as the stipulation agrees upon facts it has been embodied in the findings, and we examine these to consider whether they prove that petitioner has sustained losses deductible under the statute.
The disposition in 1920 for $74,762.67 of the leased assets listed at $125,058.79 may or may not involve a loss to petitioner. At the beginning of the year it had, not the ownership but the possession of the property. This property represented no investment to it, but only a contract obligation to keep and restore a like quantity. Non constat, it could have replaced the property for the $74,762.67 and thus been no worse off either in 1920 or at any time thereafter. Similarly as to the alleged loss “ likewise sustained ” on the death or sale of horses in 1921. If the market price of horses went down it might have made replacements for $3,699.61 less than depreciated cost of the owner. Until petitioner spent money out of its own pocket its capital was not affected.
The respondent is sustained in his disallowance of the alleged depreciation and losses on leased property because of insufficient evidence. The stipulation that losses and depreciation were sustained on property not covered by the lease makes it unnecessary to consider those items.
Reviewed by the Board.
Judgment will be entered on 15 days' notice, wider Bule 50,